Jane N. Kespradit, Esq. (SBN 270124)
Jane.Kespradit@LimNexus.com
George T. Busu, Esq. (SBN 235993)
George.Busu@LimNexus.com
**LimNexus LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500 | Fax: (213) 955-9511

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| HOLLY ARLENA VAUGHAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Defendant. | Case No. 2:23-cv-08531-GW-AGR<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:         January 11, 2024<br>Time:        8:30 a.m.<br>Courtroom: 9D<br>Judge:       Hon. George H. Wu<br><br>Action Filed: October 10, 2023<br>Trial Date:   None set |

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................... 4

II.  ARGUMENT ............................................................................................ 4

    A.   Chase Owed No Duty to Accept a Fictitious "Bill of Exchange" ............... 4

    B.   No Act Permits a Plaintiff to "Zero Out" Current and Prospective Credit Card Debt with a Fictitious Document ...................................................... 4

    C.   Chase's Argument on Why Plaintiff's Second and Third Causes of Action Fail Is Unopposed ........................................................................................ 5

    D.   Further Amendment Would Be Futile ......................................................... 6

III. CONCLUSION ......................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Das v. Bank of Am., N.A.*,
   186 Cal. App. 4th 727 (2010)...............................................................................4

*Des Rochers v. Moynihan*,
   A-16-CV-560-SS-M, 2016 WL 11584833 (W.D. Texas May 16, 2016)...............5

*Dumas v. Kipp*,
   90 F. 3d 386 (9th Cir. 1996).................................................................................6

*Griffin v. Gen. Elec. Credit Union*,
   No. 1:23-CV-542, 2023 WL 5955735 (S.D. Ohio Sept. 13, 2023) .......................5

*Harp v. Police & Fire Fed. Credit Union*,
   No. CV 23-2577, 2023 WL 5152625 (E.D. Pa. Aug. 10, 2023)............................5

*Ragland v. U.S. Bank Nat'l Assn.*,
   209 Cal. App. 4th 182 (2012)................................................................................4

*Silva v. U.S. Bancorp*,
   No. 5:10-CV-01854-JHN, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011).................6

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
   802 F. Supp. 2d 1125 (C.D. Cal. 2011)..................................................................6

*Wilson v. Aqua Fin.*,
   No. CV 3:23-5348-SAL-SVH, 2023 WL 7924150 (D.S.C. Oct. 26, 2023)............5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Opposition fails to save any of her untenable claims.[1] Despite acknowledging the contractual nature of her relationship with Chase, Plaintiff argues that a "Bill of Exchange Act of 1882" somehow applies to her credit card account. There is no Act of Congress with this title. Moreover, the relief Plaintiff seeks—to clear her existing and future debt using a fictitious "bill of exchange"—flies against the face of reason and has been rejected by courts nationwide. Because Plaintiff has not and cannot state a cognizable claim, Chase respectfully requests the Court grant its Motion and dismiss this action with prejudice.

## II. ARGUMENT

### A. Chase Owed No Duty to Accept a Fictitious "Bill of Exchange"

In opposition, Plaintiff makes a baseless argument that "defendant failed to perform fiduciary duties. As a result of the defendant's non-performance, the plaintiff suffered injury and duress." (Opp. at 2, ECF No. 21.) The Amended Complaint, however, contains no supporting facts and Plaintiff offers no legal authority to support her position. Nor can she since, as addressed in the Motion (Mot. at IV.A, ECF No. 17), Chase owed no fiduciary duties or any duty to accept a fictitious "bill of exchange" to pay down Plaintiff's credit card debt. *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 740 (2010) (relationship between a bank and its customer is not fiduciary in nature); *see also Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 206 (2012) ("No fiduciary duty exists between a borrower and lender in an arm's length transaction."). Plaintiff's conclusory arguments cannot rebut this.

### B. No Act Permits a Plaintiff to "Zero Out" Current and Prospective Credit Card Debt with a Fictitious Document

Plaintiff's next argues that the "Bill of Exchange Act of 1882" applies to her

---

[1] Terms used herein are defined in the Motion (ECF No. 17).

1 credit card account.  (Opp. at 2:23-3:25.)  There is no Act of Congress with this title.
2 *Harp v. Police & Fire Fed. Credit Union*, No. CV 23-2577, 2023 WL 5152625, at *1
3 n.1 (E.D. Pa. Aug. 10, 2023) ("There is no Act of Congress with this title [Bills of
4 Exchange Act]").  Even if there were, however, Plaintiff fails to allege any facts
5 showing how the Act affords her the relief she requests, *i.e.*, to increase her line of
6 credit and clear her existing and future debt using a fictitious "bill of exchange" (*see*
7 FAC at 10-11; *see generally* Opp.).

8      Courts nationwide have found similar lawsuits brought under a "Bill of
9 Exchange Act" frivolous and dismissed them.  As one court noted, "Plaintiff is not
10 the first to send a 'bill of exchange' to a [creditor] in hopes of settling a given debt."
11 *Wilson v. Aqua Fin.*, No. CV 3:23-5348-SAL-SVH, 2023 WL 7924150, at *2 (D.S.C.
12 Oct. 26, 2023) (dismissing action as frivolous and with prejudice); *see, e.g., Harp*,
13 No. CV 23-2577, 2023 WL 5152625 (dismissing the plaintiff's claims for breach of
14 contract, breach of trust, breach of fiduciary duty, security fraud, and any claim
15 attempted to be asserted under the Federal Reserve Act"); *Griffin v. Gen. Elec. Credit*
16 *Union*, No. 1:23-CV-542, 2023 WL 5955735, at *3 (S.D. Ohio Sept. 13, 2023),
17 *report and recommendation adopted*, No. 1:23-CV-542, 2023 WL 8022825 (S.D.
18 Ohio Nov. 20, 2023) (dismissing the plaintiff's claims alleging violations of the
19 Federal Reserve Act, Truth In Lending Act, and "Bill of Exchange Act"); *Des*
20 *Rochers v. Moynihan*, A-16-CV-560-SS-M, 2016 WL 11584833 (W.D. Texas May
21 16, 2016) (dismissing as legally frivolous a complaint alleging claim under a "Bills of
22 Exchange Act of 1882").

23      As Plaintiff's claims rest on Chase's refusal to recognize a clearly invalid
24 document as legal tender, her claims should be dismissed.

25     **C.**    **Chase's Argument on Why Plaintiff's Second and Third Causes of**
26          **Action Fail Is Unopposed**

27      The Opposition does not address Chase's arguments at IV.B or IV.C to the
28 Motion concerning why the second and third causes of action fail as a matter of law.

(*See generally* Opp.; *see* Mot. at IV.B-C.)  Plaintiff's failure to address them is a tacit concession of the validity of those arguments.  *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue."); *Silva v. U.S. Bancorp*, No. 5:10-CV-01854-JHN, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (the court may treat the arguments a plaintiff failed to address in opposition as conceded).

### D. Further Amendment Would Be Futile

This is Plaintiff's second failed attempt to plead a cognizable claim.  It is clear that her lawsuit is premised on an invalid document and misunderstanding of the law.  Because her claims cannot be cured by further amendment, dismissal without leave to amend is appropriate.  *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996).

### III. CONCLUSION

For the foregoing reasons, Chase respectfully requests that the Court grant its motion to dismiss without leave to amend and dismiss the action with prejudice.

Dated: December 20, 2023                     **LIMNEXUS LLP**

By:  */s/ Jane N. Kespradit*
Jane N. Kespradit
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for defendant JPMorgan Chase Bank, N.A., certifies that this brief contains 848 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 20, 2023                    L<small>IM</small>N<small>EXUS</small> <small>LLP</small>

                                By:  */s/ Jane N. Kespradit*
                                     Jane N. Kespradit
                                     Attorneys for Defendant
                                     JPMorgan Chase Bank, N.A.

# CERTIFICATE OF SERVICE

I am over eighteen (18) years of age, employed in the County of Los Angeles, and not a party to this action. My business address is 707 Wilshire Boulevard, 46th Floor, Los Angeles, California, 90017. I hereby certify that on December 20, 2023, I served the following documents:

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

By delivering the document(s) to:

Holly Arlena Vaughan<br>
2338 Kipana Avenue<br>
Ventura, California, 93001<br>
Telephone: (805)861-0165<br>
Email: Hollyvaughan93@gmail.com<br>
Plaintiff *in Pro Se*

[✓]  BY U.S. MAIL: I deposited such envelope, containing above document(s), in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[✓]  BY E-MAIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to be sent from e-mail address griselda.luna@limnexus.com to the persons at the e-mail address(es) listed above. I did not receive within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify under the penalty of perjury that the foregoing is true and correct. Executed December 20, 2023, at Los Angeles, California.

*/s/ Griselda Luna*<br>
GRISELDA LUNA